# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2023

Lyle W. Cayce
Clerk

No. 22-50839
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUSTIN MICHAEL PERTILE,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-91-1

———————————————————

Before STEWART, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Dustin Michael Pertile pled guilty to possession of a firearm by a felon. The district court sentenced him to 96 months in prison. He now appeals his sentence.

Pertile argues that the district court erred by applying an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

with another felony offense. Because Pertile did not object to this enhancement in the district court, our review is for plain error. *See United States v. Buendia*, 73 F.4th 336, 339 (5th Cir. 2023). To demonstrate plain error, Pertile must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks, brackets, and citation omitted).

The record as a whole supports a conclusion that Pertile possessed a firearm in close proximity to drug paraphernalia and that he was engaged in the felony offense of drug distribution. Thus, the court did not commit clear or obvious error by applying the enhancement. *See* § 2K2.1(b)(6)(B), comment (n.14(B)); *see also United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021).

AFFIRMED.